UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| v. | : CRIMINAL NO. 3:03CR179(SRU) |
| REYNALDO ARROYO | : MAY 17, 2005 |

**UNITED STATES' OPPOSITION TO
DEFENDANT'S MOTION FOR EXTENSION OF TIME TO APPEAL**

The United States of America, through undersigned counsel, respectfully submits this opposition to defendant's pro se Motion for Extension of Time to File an Appeal, filed on April 26, 2005. Judgment in this case entered on November 30, 2004. The defendant's motion is well beyond the 40-day period of time within which a motion for extension of time to file a Notice of Appeal is permitted. The motion therefore should be denied.

I.   BACKGROUND

On June 30, 2004, after a three-day trial, a jury found defendant Reynaldo Arroyo guilty of a one-count Indictment charging him with being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). On October 12, 2004, the Court denied the defendant's Motion for Acquittal and a Motion for a New Trial. On November 29, 2004, the Court sentenced the defendant to 51 months' imprisonment and three years supervised release, and imposed a fine of $1,200. Accordingly, Judgment entered on November 30, 2004. On April 26, 2005, almost five months after entry of judgment, defendant filed a pro se Motion for Extension of Time to File a Notice of Appeal. Arroyo states that his failure to timely file a Notice of Appeal resulted from his attorney failing to file a Notice of Appeal as he states he directed him to do.

II.  DISCUSSION

In a criminal case, a defendant has ten days after entry of judgment in which to file a Notice of Appeal. Fed. R. App. P. 4(b)(1)(A)(i). An untimely Notice of Appeal is a "jurisdictional defect" that requires "dismissal of the appeal without reaching its merits." United States v. Batista, 22 F.3d 492, 493 (2d Cir. 1994) (per curiam); United States v. Ferraro, 992 F.2d 10, 11 (2d Cir. 1993).

Rule 4(b)(4) of the Fed. R. App. P., however, allows a district court to extend a defendant's time to file a Notice of Appeal by 30 days "upon a finding of excusable neglect or good cause." When "a criminal defendant files a Notice of Appeal after the ten-day deadline of Rule 4(b), but before the additional 30 day period for requesting extensions that have expired, the district court should treat the notice as a request for an extension. Batista, 22 F.3d at 493. Upon a finding of excusable neglect or good cause, the Court may grant the extension. Id. at 494. However, "Rule 4(b) allows [motions for extension of time to file a notice of appeal] to be entertained only during a period of 30 days following the expiration of the original ten day period." Ferraro, 992 F.2d at 11.

There is no question that here the defendant's Motion for Extension of Time to File the Notice of Appeal was filed almost five months after entry of judgment, well beyond the 40-day period within which to file a Motion for Extension of Time to File a Notice of Appeal. His motion for an extension of time should be denied.[1]

---

[1] While undersigned counsel for the Government has not yet received a copy of the transcript from defendant Arroyo's November 29, 2004 sentencing, his recollection is that the Court thoroughly advised defendant of his right to appeal and the requirement that he file an appeal within ten days of judgment. The Government reserves its right to argue in regard to the issue of excusable neglect and just cause, as well as to the accuracy of defendant's assertions in regard to his directions to his counsel, Walter Hussey.

III.     CONCLUSION

For the foregoing reasons, the defendant's Motion for Extension of Time to File a Notice of Appeal should be denied.[2]

            Respectfully submitted,

            KEVIN J. O'CONNOR
            UNITED STATES ATTORNEY

BY: /s/_____
    HAROLD H. CHEN
    ASSISTANT UNITED STATES ATTORNEY
    FEDERAL BAR NO. ct24432

FOR: THOMAS V. DAILY
    ASSISTANT UNITED STATES ATTORNEY
    Federal Bar No. ct03467
    450 Main Street, Room 328
    Hartford, CT 06103
    (860) 947-1101

---

[2]  Arroyo's motion of April 26, 2005, faulting his counsel for failing to follow his direction to file a Notice of Appeal, could be recharacterized as a Petition for a Writ of Habeas Corpus pursuant to Section 2255.  However, such a conversion may not be accomplished without the consent of the defendant.  Adams v. United States, 155 F.3d 582, 583 (2d Cir. 1998) (per curiam).

> If a district court receiving a motion under some other provision of law elects to treat it under Section 2255 and then denies it, that may cause the movant's subsequent filing of a motion under Section 2255 to be barred as a 'second' Section 2255.  Thus a conversion, initially justified because it harmlessly assisted the prisoner-movant in dealing with legal technicalities, may result in a disastrous deprivation of a future opportunity to have a well-justified grievance adjudicated.. . . courts should not recharacterize a motion purportedly made under some other Rule as a motion under Section 2255 unless (a) the movant, with knowledge of the potential adverse consequences of such recharacterization, agrees to have the motion so recharacterized or (b) the Court finds that, notwithstanding its designation, the motion should be considered as made under Section 2255 because of the nature of the relief sought, and offers the movant the opportunity to withdraw the motion rather than have it so recharacterized.

Id. at 583-84 (footnote omitted).

CERTIFICATION OF SERVICE

      This is to certify that a copy of the foregoing was sent by facsimile and mailed, postage prepaid, on this 17th day of May, 2005, to:

Reynaldo Arroyo
Prisoner No. 233998
MacDougall C.I.
1153 East Street South
Suffield, CT 06080

Walter D. Hussey, Esq.
92-94 Hungerford Street
Hartford, CT 06106

                              BY:   /s/_____
                                    HAROLD H. CHEN
                                    ASSISTANT UNITED STATES ATTORNEY

                              FOR:  THOMAS V. DAILY
                                    ASSISTANT UNITED STATES ATTORNEY