UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| vs. | : | CRIMINAL NO.  3:03CR179(SRU) |
| REYNALDO ARROYO | : | June 14, 2005 |

**MOTION TO VACATE JUDGMENT**

Pursuant to the Fifth and Sixth Amendments to the United States Constitution, and the reasoning in United States v. Fuller, 332 F.3d 60, 65-66 (2d Cir. 2003), the defendant Reynaldo Arroyo moves to vacate the judgment and to enter a new judgment from which a timely appeal may be taken.  In support of this motion, the defendant states the following:

(1) By indictment returned June 19, 2003, Mr. Arroyo was charged with unlawful possession of a firearm by a felon in violation of 18 U.S.C. § 922(g).

(2) At his presentment and arraignment on July 17, 2003, the undersigned counsel was appointed to represent Mr. Arroyo.  Mr. Arroyo pled not guilty, and the case went to trial on November 3, 2003.  The jury returned a guilty verdict on November 6, 2003.

(3) On January 27, 2004, the Court granted defendant's Motion for New Trial.

(4) On May 5, 2004, retained counsel, Attorney Walter D. Hussey, filed an appearance on behalf of Mr. Arroyo and the Court granted a motion to withdraw as counsel by the undersigned attorney on May 12, 2004.

(5) The case went to trial on June 28, 2004, and the jury returned a guilty verdict on June 30, 2004.

(6) On July 27, 2004, the Court entered an order that extended the deadline for filing post-trial motions to August 5, 2004.  On August 6, 2004, counsel for Mr. Arroyo filed a Motion for Acquittal and Motion for New Trial.  On October 12, 2004, the Court denied both motions.

(7) On November 29, 2004, the Court sentenced Mr. Arroyo to 51 months imprisonment, 5 years supervised release and a fine of $1200.  In his allocution at sentencing, the defendant explicitly declared

- 2 -

his intention to appeal: "I mean I will try my best to appeal this in the U.S. Supreme Court maybe a couple months from now, a year from now. I'm going to fight to the end, Your Honor, because I'm innocent of these charges." Transcript of Sentencing on 11/29/04 at 15. Later, in addressing the defendant before imposing sentence, the Court acknowledged Mr. Arroyo's intention to appeal: "I recognize that you're going to appeal the conviction and the sentence and that's fine." Transcript at 21. In urging the defendant to make good use of his time in prison, the Court commented: "Train and be ready to get to work when you're released, whether that's soon because you win your appeal or whether that's later because you don't." Transcript at 23. After imposing sentence, the Court informed Mr. Arroyo of his right to appeal and that "you will lose the right to appeal unless you file a notice of appeal within ten days of the entry of judgment . . . [and] [i]f you wish to appeal but you cannot afford to do so, you can file a motion to proceed in forma pauperis." Transcript at 26-27.

(8) At the close of the sentencing proceeding, Mr. Arroyo, who had been in custody prior to sentencing, was taken from the courtroom by deputy U.S. Marshals and his counsel did not confer with him then or thereafter, despite Mr. Arroyo's clearly declared decision to appeal.

(9) Counsel for Mr. Arroyo did not carry out Mr. Arroyo's expressed intention to appeal his conviction, and Mr. Arroyo filed a handwritten pro se Motion for Leave to Proceed in Forma Pauperis, a Motion for Extension of Time to File a Notice of Appeal and a Notice of Appeal on April 26, 2005.

(10) On May 18, 2005, the Court entered an Order Appointing Counsel, specifically appointing the Office of the Federal Public Defender to represent Mr. Arroyo. The undersigned Assistant Federal Defender filed his appearance for Mr. Arroyo on May 26, 2005. On May 27, 2005, the United States Court of Appeals for the Second Circuit entered Scheduling Order #1 in this case.

(11) Due to retained counsel's failure to file a timely notice of appeal on behalf of Mr. Arroyo, it appears that his pro-se appeal will be dismissed as untimely. To avoid that unjust result in a case where, pursuant to Local Rule 4(b) of the Court of Appeals, counsel should have filed a notice of appeal on behalf of the defendant in accordance with his client's intentions that had been made known publicly to everyone present at sentencing, the defendant urges the Court to vacate the judgment and to enter

- 3 -

a new judgment from which a timely appeal may be taken.

Respectfully submitted,

THE DEFENDANT,
REYNALDO ARROYO

THOMAS G. DENNIS
FEDERAL DEFENDER

/s/

Dated:  June 14, 2005
_____
Paul F. Thomas
Asst. Federal Defender
2 Whitney Ave., Suite 300
New Haven, CT 06510
Bar No. ct01724
(203) 498-4200

CERTIFICATION

I HEREBY CERTIFY that a copy of the foregoing Motion to Vacate Judgment has been mailed
to Thomas V. Daily, Assistant United States Attorney, Federal Building, 450 Main Street, Hartford, CT
06103, on this 14 day of June 2005.

/s/

_____
Paul F. Thomas