UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CRIMINAL NO. 3:03CR179(SRU) |
| | : | |
| REYNALDO ARROYO | : | JULY 21, 2005 |

UNITED STATES' OPPOSITION TO
DEFENDANT'S MOTION TO VACATE JUDGMENT

The United States of America, through undersigned counsel, respectfully submits this Opposition to Defendant's Motion to Vacate Judgment, filed June 15, 2005. The defendant's motion should be construed as a Petition for Writ of Habeas Corpus pursuant to Title 28, United States Code, Section 2255, asserting ineffective assistance of counsel for the asserted failure to file an appeal from Judgment as directed. Based on the attached Affidavit from defendant's trial counsel, Attorney Walter Hussey, the defendant never directed his attorney to file an appeal and, in fact, advised him that he was fired and new counsel had been retained. Under the circumstances, counsel's not filing a Notice of Appeal is not ineffective assistance, and the recharacterized petition should be denied.

I.  BACKGROUND

On June 19, 2003, a Hartford Federal Grand Jury returned an indictment charging defendant Reynaldo Arroyo with Unlawful Possession of a Firearm by a Felon, in violation of Title 18, United States Code, Section 922(g). On July 17, 2003, at defendant's presentment and arraignment, the Court appointed Assistant Federal Public Defender Paul Thomas to represent

the defendant. Trial commenced on November 3, 2003 and the jury returned a guilty verdict on November 6, 2003. The defendant filed a Motion for a New Trial On November 12, 2003, and a Memorandum in Support of that motion on December 2, 2003. On January 27, 2004, the Court granted Defendant's Motion for a New Trial.

Defendant thereafter retained counsel, Attorney Walter D. Hussey, who filed an Appearance on behalf of the defendant on May 5, 2004. The case went to trial on June 28, 2004 and the jury returned a guilty verdict on June 30, 2004. On October 12, 2004, the Court denied the Defendant's Motion for Acquittal and Motion for a New Trial. On November 29, 2004, the Court sentenced the defendant to 51 months' imprisonment and three years supervised release, and imposed a fine of $1,200. During the sentencing, the Court fully advised defendant of his right to appeal and that he would lose his right to appeal unless he filed a Notice of Appeal within ten days of judgment and that if he could not afford to appeal, he could file a motion to proceed in forma pauperis and counsel would be appointed for him. Transcript of Sentencing ("Tr.") at 26-27. Accordingly, Judgment entered on November 30, 2004.

On April 26, 2005, almost five months after entry of Judgment, the defendant filed a pro se Motion for Extension of Time to File a Notice of Appeal. The defendant filed an Affidavit in support of that motion in which he states that his failure to timely file a Notice of Appeal resulted from Attorney Hussey failing to file a Notice of Appeal, which he states he expressly directed him to do. On May 17, 2005, the Government filed an Opposition to the Defendant's Motion for Extension of Time. On May 18, 2005, the Court entered an Order appointing counsel, specifically appointing the Office of the Federal Public Defender to represent the defendant Arroyo in regard to his Motions for Extension of Time and Notice of Appeal.

On June 14, 2005, defendant, through counsel, filed a Motion to Vacate Judgment. In essence, defendant argues ineffective assistance of counsel by his trial counsel, Attorney Hussey, for his failure to file a Notice of Appeal. The defendant, contrary to his Affidavit in support of his motion for extension of time to file an appeal, does not reiterate his assertion that he expressly directed Attorney Hussey to file an appeal, rather relies on the defendant's statements at sentencing that he would try to appeal.

Attorney Walter Hussey, on July 21, 2005, forwarded to the Government at the Government's request and with the consent of counsel for the defendant, an Affidavit setting forth his discussions with defendant at sentencing as it pertains to the filing of a Notice of Appeal. Contrary to the defendant's assertions, Attorney Hussey states that prior to sentencing, the defendant indicated to him that he was terminated from representation and that he wished him to do nothing further in regard to the case. Attorney Walter Hussey indicates that the defendant, and the defendant's father, also advised him that they had retained other counsel and, at the defendant's request, Attorney Hussey forwarded documents to the defendant's father for representation in an appeal by some other attorney. Attorney Hussey states that the defendant never directed him to file a Notice of Appeal or to otherwise effectuate an appeal.

II.    DISCUSSION

As the Government noted in its Opposition to Defendant's Motion for Extension of Time to Appeal, the defendant's Motion to Vacate, faulting his counsel for failing to follow his asserted direction to file a Notice of Appeal, should be recharacterized as a Petition for Writ of Habeas Corpus pursuant to Section 2255. As such, the recharacterization of the defendant's motions may not be accomplished without the consent of the defendant. Adams v. United States, 155 F.3d

582, 583 (2d Cir. 1998)(per curiam).

Claims of ineffective assistance of counsel based upon counsel's failure to file an appeal are generally considered by the Court in the context of habeas petitions filed pursuant to Section 2255. See Garcia v. United States, 278 F.3d 134, 137-38 (2d Cir. 2002) (granting Section 2255 relief of resentencing to petitioner due to counsel's misinstruction regarding the inability to appeal, which resulted in not filing a timely appeal); McHale v. United States, 175 F.3d 115, 119-20 (2d Cir. 1999) (noting that on 2255 review, remand for resentencing, or entry of new judgment, is usual remedy for counsel's failure to file an appeal as requested.) See also Roe v. Flores-Ortega, 528 U.S. 470, 484 (2000); Rodriguez v. United States, 395 U.S. 327, 330 (1969) (remanding for resentencing pursuant to 2255 due to counsel's failure to file timely appeal).

When trial counsel fails to file an appeal requested by the defendant, such a failure constitutes a potential ground for habeas relief. Garcia , 278 F.3d at 137. To make a claim for ineffective assistance of counsel, a petitioner must show "(1) that counsel's representation fell below an objective standard of reasonableness; and (2) that counsel's deficient performance prejudiced defendant." Flores-Ortega, 528 U.S. 470, 476-77. As to the first prong, "a lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable." Id. at 477. As to the second prong, a "petitioner has also shown prejudice when he shows that he would have taken an appeal, such as when he asks his counsel to file the appeal; he need not make a showing of the merits of the appeal." Garcia, 278 F.3d at 137 (citing Flores-Ortega, 528 U.S. at 484). However, it is well-established that where defense counsel has consulted with his client regarding whether to appeal, it is clear that "[c]ounsel performs in a professionally unreasonable manner only by failing to follow the

4

defendant's express instructions with respect to an appeal." Flores-Ortega, 520 U.S. at 484; Morales v. United States, 143 F.3d 94, 97 (2d Cir. 1998) (holding that counsel has no duty to file an appeal absent direct request); McHale, 175 F.3d at 119-20 (2d Cir. 1999) ("in order to show that appellant counsel was constitutionally deficient in not filing an appeal, the petitioner must demonstrate that he asked to have an appeal filed"); see also Garcia v. United States, 199 F.3d 1322, 1999 WL 1024104 (2d Cir. 1999) ("in order show that counsel's failure to file an appeal amounted to ineffective assistance, the petitioner must demonstrate that he requested that his attorney file an appeal").

In United States v. Fuller, 332 F.3d 60, 65-66 (2d Cir. 2003), the Second Circuit recognized an exception to the general rule that ineffective assistance claims for failure to appeal are best handled in habeas proceedings where there is no dispute as to the failure of defense counsel to file a requested appeal and thus an agreement as to ineffective assistance of counsel is clear and well-established in the record. Here, however, the question of whether defendant Arroyo requested that his attorney file an appeal is very much in dispute. The defendant's Motion to Vacate Judgment does not assert that the defendant requested that Attorney Hussey file an appeal. And, contrary to defendant's affidavit in support of his Motion for Extension of Time, the affidavit from Attorney Hussey states that the defendant never requested that he file an appeal, and, in fact, indicates that he was advised that he was fired and that other counsel was retained to pursue an appeal. Under these circumstances, the relief granted in Fuller is not appropriate, and rather the Court should resolve the factual dispute in the context of habeas review. See e.g., United States v. Posnick, 2005 WL 1498385 (2d Cir. 2005).

As to the merits of defendant's claim, the defendant's unsupported contention that he

instructed Attorney Hussey to file an appeal, and that Attorney Hussey then failed to follow his instructions, is belied by the defendant's actions. The defendant was well aware of his right to appeal. There is no question that at sentencing the Court advised the defendant of his right to appeal and his right to appointed counsel on appeal. Tr. at 26-27. Further, the defendant stated that he understood that he would lose his right to appeal if he did not file a notice of appeal within ten days of the entry of Judgement. Id. Despite his awareness of his right to file an appeal of his sentence, prior to filing his motion five months after judgment, the defendant never objected to his counsel's alleged failure to do so. See, e.g., Slevin v. United States, 71 F. Supp.2d 348, 359 (S.D.N.Y. 1999)(noting that "petitioner's failure to raise his claims earlier renders his claim--though not procedurally barred--rather suspicions."). Nor did he attempt to proceed *pro se* in the appellate court in timely fashion. Cf. Blessing v. United States, 75 F. Supp.2d 17, 19 (D. Conn. 1999) (noting, in context of cause for procedural bar, that "there is no showing on this record that the defendant could not have pursued an appeal *pro se*, as he is currently doing").

In light of the general suspicion cast upon uncorroborated allegations made by incarcerated prisoners, the defendant's own actions, and the fact that his claims are expressly refuted by his counsel, combine to make the defendant's version of events highly dubious. See, e.g., Panuccio v. Kelly, 927 F.2d 106, 109 (2d Cir. 1991). The affidavit from Attorney Hussey establishes that the defendant never requested that he file the Notice of Appeal. Absent an affirmation from the defendant that he contends that he did direct Attorney Hussey to file an appeal, the defendant has failed to carry his burden to establish ineffective assistance of counsel. Defendant's motion, recharacterized as a motion pursuant to Section 2255, should be denied.

III.    CONCLUSION

For the foregoing reasons, the Defendant's Motion to Vacate Judgment and Motion for Extension of Time to File a Notice of Appeal, should be denied.

<div style="margin-left: 40%">

Respectfully submitted,

KEVIN J. O'CONNOR
UNITED STATES ATTORNEY

</div>

By:    /s/_____
        HAROLD CHEN
        ASSISTANT UNITED STATES ATTORNEY
        Federal Bar No. ct24432

For:    THOMAS V. DAILY
        ASSISTANT UNITED STATES ATTORNEY
        Federal Bar No. ct03467
        450 Main Street
        Hartford, CT 06103
        (860) 947-1101

<u>CERTIFICATION</u>

I hereby certify that a copy of the foregoing memorandum was mailed this 21st day of July, 2005, to:

Paul Thomas, Esq.
Assistant Federal Public Defender
2 Whitney Avenue, Suite 300
New Haven, CT 06510

Walter J. Hussey, Jr., Esq.
142 Jefferson Street
Hartford, CT 06106

By: /s/_____
HAROLD CHEN
ASSISTANT UNITED STATES ATTORNEY

For: THOMAS V. DAILY
ASSISTANT UNITED STATES ATTORNEY