UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | CRIMINAL NO. 3:03cr179 (SRU) |
| REYNALDO ARROYO | |

### RULING ON MOTION TO VACATE JUDGMENT

This case raises the question whether a district court, faced with a defendant who has been denied his right to appeal because of ineffective assistance of counsel, may, in the absence of a section 2255 habeas petition, vacate and reissue a judgment so that a timely appeal may be taken. Although, under those circumstances, the Second Circuit's decision in *United States v. Fuller*, 332 F.3d 60 (2d Cir. 2003), authorizes the Court of Appeals to order a district court to vacate a judgment, I conclude that a district court has no such independent authority.

**I.    Background**

On June 30, 2004, a jury convicted Reynaldo Arroyo of unlawful possession of a firearm in violation of 18 U.S.C. § 922(g). On November 29, 2004, I sentenced him principally to 51 months' imprisonment. Judgment entered on November 30, 2004.

On March 29, 2005, Arroyo wrote a letter to the clerk's office asking for copies of "motions to appeal," which he claimed his lawyer told him had been filed. The Clerk of the Court responded that no notice of appeal had been filed, and, indeed, none had.

On April 26, 2005, Arroyo filed, *pro se,* a Notice of Appeal and a Motion for Extension of Time to File a Notice of Appeal, attaching to his motion an affidavit in which he swore that he had directed his attorney to file a notice of appeal.

On May 18, 2005, I appointed the federal public defender to represent Arroyo in his

efforts to secure an appeal. Subsequently, the public defender filed, on Arroyo's behalf, a motion asking to court to vacate the judgment in Arroyo's case and to issue a fresh judgment from which a timely appeal could be taken.

## II.     Discussion

There is no dispute that Arroyo's notice of appeal is untimely. A notice of appeal by a criminal defendant must be filed within ten days of judgment, and, even on a finding of "excusable neglect or good cause," no later than thirty days beyond the initial ten days. Fed. R. App. P. 4(b)(2), (4). There is also no dispute that, if Arroyo filed a petition pursuant to 28 U.S.C. § 2255 and I found that the failure to file a timely notice of appeal was the result of his counsel's ineffectiveness, I could issue a new judgment from which an appeal could be taken. *See Garcia v. United States*, 278 F.3d 134, 138 (2d Cir. 2002). The question is whether I can grant that relief on the record before me, without waiting for a section 2255 petition. There are actually two questions: (1) can the underlying issue – effectiveness of counsel – be resolved on the record before me, and (2) am I authorized to issue the relief sought. I address each question in turn.

### A.     Sufficiency of the Record

The government argues that a section 2255 petition is necessary because the record before me is insufficient to resolve the question of Arroyo's counsel's effectiveness. I disagree

The Supreme Court has "long held that a lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable." *Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000). Arroyo's trial attorney submitted an affidavit in which he swears that Arroyo never instructed him to file a notice of

appeal and, in fact, informed him that another lawyer would be representing Arroyo on appeal. The government argues that, because Arroyo's counsel's statement is contrary to what Arroyo swears in his affidavit, there is at the very least a dispute whether Arroyo actually instructed his lawyer to file a notice of appeal. Consequently, the government concludes, there is no way to determine on the present record whether Arroyo's counsel was ineffective.

I am willing to accept Arroyo's counsel's statement that Arroyo never instructed him to file a notice of appeal. Under the circumstances, it is immaterial. First, Arroyo's lawyer unquestionably knew that Arroyo wished to file an appeal. The very fact that Arroyo told him another lawyer would handle the appeal made that clear. Moreover, Arroyo said quite explicitly in open court that he wanted to file an appeal. (Sentencing Transcript, Nov. 29, 2004, at 15) Second, on the day the time for filing a notice of appeal expired, Arroyo's trial lawyer had not been relieved of his representation – or even asked to be relieved – and no other lawyer had entered an appearance. In other words, Arroyo's lawyer knew his client wished to file an appeal, and also knew – or should have known – that unless he, as Arroyo's only attorney of record, filed a notice of appeal the opportunity for appeal would be lost. Under those circumstances, I think it almost certain that objective standards of professional reasonableness demanded that Arroyo's attorney file a notice of appeal.

The fact that Arroyo may have told his lawyer that another lawyer would represent him on appeal changes nothing. It would have been unreasonable for Arroyo's lawyer to assume that Arroyo was thereby instructing him *not* to file a notice of appeal. Filing a notice of appeal is "a purely ministerial task." *Flores-Ortega*, 528 U.S. at 477. Although Arroyo may have wanted another lawyer to handle the substance of his appeal, the undisputed fact is that, when a notice of

appeal had to be filed, Arroyo had only one attorney of record, and that attorney knew that his client wanted to pursue an appeal. Under such circumstances, allowing a client's opportunity for appeal to disappear "reflects inattention to the defendant's wishes," *id.*, and, therefore appears to be constitutionally deficient representation.[1]

B.  Authority to Vacate

Nevertheless, even if the current record sufficiently demonstrates ineffective assistance of counsel, I still must answer the question whether, at this point, I am authorized to grant the defendant's motion to vacate and reissue the judgment. Arroyo argues that the Second Circuit's decision in *Fuller* answers that question affirmatively. Although I acknowledge that the Second Circuit's argument for the efficiency of vacating and reissuing a judgment in these circumstances applies in this case, I conclude that the rationale given by the Second Circuit for its authority to order that remedy does not apply to a district court.

In *Fuller*, as here, the defendant's lawyer failed to file a timely notice of appeal. And, as appears to be the case here, the record clearly established ineffective assistance of counsel. The Court then observed that, although section 2255 was a potential avenue for relief, there were several considerations that counseled against requiring the defendant to pursue a section 2255 petition.

> If in this case we were simply to dismiss and remit the defendant to his section 2255 remedy, we would precipitate at least one and possibly two other unfortunate consequences. First, we would incur the waste of time and judicial resources to process the section 2255 motion. Second, we would

---

[1] That Arroyo was prejudiced by this representation is clear. A defendant is prejudiced by his attorney's failure to file a notice of appeal so long as he demonstrates that, but for his attorney's failure, the defendant would have appealed. *Flores-Ortega*, 528 U.S. at 484. In this case, that is undisputed.

> expose the defendant to the risk that he would use up his first opportunity to file a section 2255 motion, thereby subjecting him to the stringent standards applicable to a second section 2255 motion. . . . Third, dismissal of the appeal would leave the current judgment in place, at least until the granting of a motion under section 2255, thereby risking expiration of a substantial part and possibly all of the one-year limitations period of 28 U.S.C. § 2255, ¶ 6 . . . .

*Fuller*, 332 F.3d at 65.

The Court concluded that an appropriate remedy would be to remand to the district court with an order to vacate the judgment and enter a new judgment from which a timely appeal could be taken. That remedy was authorized because an appellate court, even when it does not have jurisdiction to adjudicate the merits of a case, may still "make such disposition of the whole case as justice may require." *Id.* at 64 (quoting *U.S. Bancorp Mortgage Co. v. Bonner Mall Partnership*, 513 U.S. 18, 21-22 (1994)).

The Second Circuit's explanation for why requiring a section 2255 petition would be inefficient, and perhaps detrimental to the defendant, applies equally in this case. There is, however, one significant difference between this case and *Fuller*: Arroyo's arguments are addressed to this court, not the court of appeals. That distinction is crucial to the question whether I have authority to grant relief.

*Fuller* is essentially an explication of appellate jurisdiction. The Second Circuit explained that appellate jurisdiction extends not only to vacating a judgment on the merits but also to ordering a district court to dispose of the case "as justice may require." *Fuller* says nothing about the district court's independent authority to take similar actions. It holds that, under certain circumstances, the court of appeals can order a district court to take actions that would ordinarily only be taken by the district court pursuant to a section 2255 petition. It does

not, however, say that a district court can, on its own, exercise its section 2255 authority even when no section 2255 petition has been filed. In other words, *Fuller* explained that a court of appeals can, when faced with an untimely notice of appeal, do more than just dismiss the case,[2] but it did not hold that a district court has any power to vacate a judgment before a defendant has made a section 2255 motion.

Neither can I find any other authority – outside of section 2255 – that would allow me to vacate a criminal judgment under the present circumstances.[3] There is, for example, no analogue in the Federal Rules of Criminal Procedure to Rule 60(b)(6) of the Federal Rules of Civil Procedure, which allows a district court to grant a party relief from judgment for "any other reason justifying relief from the operation of judgment" at any time. *See, e.g., Horsey v. Bysiewicz*, 2004 WL 2677185 (D. Conn. Nov. 23, 2004) (concluding that vacating and reissuing a *civil* judgment was appropriate under Rule 60(b)(6) in order to allow a timely appeal).

Similarly, I do not believe I have any "inherent power" to vacate Arroyo's judgment. A district court does have inherent power to formulate procedural rules not required by the Constitution or Congress. *See United States v. Hastings*, 461 U.S. 499, 505 (1983). Such power

---

[2] Because Arroyo has filed a notice of appeal in this case, albeit an untimely one, it is still possible that the Second Circuit will order his judgment vacated pursuant to *Fuller*. *Fuller*, 332 F.3d at 65 ("appropriate disposition is to dismiss the appeal as untimely and remand to the District Court with instructions to vacate the judgment and enter a new judgment from which a timely appeal may be taken.").

[3] I do not mean to suggest that section 2255 is always the only source of authority for vacating a criminal judgment. For example, the All Writs Act, 28 U.S.C. § 1651, may, in some circumstances, allow a district court to issue a writ vacating a judgment, such as a writ of *coram nobis*. The All Writs Act, however, is inapplicable here, because the appropriate remedy in this case – i.e., a case of ineffective assistance of counsel – is provided for by a statute, namely, 28 U.S.C. § 2255. *See Carlisle v. United States*, 517 U.S. 416, 429 (1996) ("All Writs Act is a residual source of authority to issue writs that are not otherwise covered by statute.").

may not, however, be used to circumvent the normal rules of criminal procedure. *Carlisle*, 517 U.S. at 426. Here, the relevant procedures are set forth by the rules of criminal procedure. Rule 4(b) of the Federal Rules of Appellate procedure sets the deadlines for filing a notice of appeal and 28 U.S.C. § 2255 provides the procedure for addressing a notice that is untimely because of ineffective assistance of counsel. I cannot use my inherent supervisory power to circumvent those established procedures.

Accordingly, there is nothing I can do. Arroyo appears to have been deprived of an appeal by what appears to be ineffective assistance of counsel. He should have the judgment in his case vacated and reissued so that he can take the appeal to which he is entitled. Congress, however, has provided only one way for a district court to vacate a judgment in a case like Arroyo's, and that way is a petition pursuant to 28 U.S.C. § 2255. Thus, unless and until a section 2255 petition is filed,[4] I have no authority to vacate Arroyo's judgment.

Arroyo's Motion to Vacate Judgment (doc. # 109 ) is DENIED.

It is so ordered.

Dated at Bridgeport, Connecticut, this 1st day of September 2005.

                                      /s/ Stefan R. Underhill
                                      Stefan R. Underhill
                                      United States District Judge

---

[4] I cannot re-characterize Arroyo's motion as a section 2255 petition without his consent. *See Adams v. United States*, 155 F.3d 582 (2d Cir. 1998).